UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUNE H. O/B/O T.A.P., | § |
| | § |
| Plaintiff, | §   Case # 1:21-cv-222-DB |
| | § |
| v. | §   MEMORANDUM DECISION |
| | §   AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

## INTRODUCTION

Plaintiff Shaune H. ("Plaintiff") brings this action on behalf of T.A.P., a child under the age of eighteen, pursuant to Title XVI of the Social Security Act (the "Act"). Plaintiff seeks review of the final decision of the Commissioner of Social Security (the "Commissioner") denying T.A.P.'s application for supplemental security income ("SSI"). *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the case is before the undersigned in accordance with a standing order. *See* ECF No. 13.

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 8, 10. Plaintiff also filed a reply. *See* ECF No. 11. For the reasons set forth below, Plaintiff's motion (ECF No. 8) is **GRANTED**, the Commissioner's motion (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

On August 23, 2017, Plaintiff protectively filed an application for SSI child's benefits on behalf of her daughter, T.A.P., alleging disability beginning September 1, 2016. Transcript ("Tr.") 16. The application was initially denied on January 5, 2018, after which Plaintiff timely requested a hearing. *Id*. On December 18, 2019, Administrative Law Judge Stephan Bell (the "ALJ")

presided over a hearing in Buffalo, New York. *Id*. Although informed of her right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. Tr. 16, 29, 31.

On February 24, 2020, the ALJ issued an unfavorable decision, finding T.A.P. not disabled. Tr. 13-24. On December 21, 2020. Tr. 2, the Appeals Council denied Plaintiff's request for further review. Tr. 2-6. The ALJ's February 24, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

### II. The Sequential Evaluation Process

Individuals under eighteen years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §

1382c(a)(3)(C)(i). In evaluating disability claims in children, the Commissioner is required to use the three-step process promulgated in 20 C.F.R. § 416.924. The first step requires the ALJ to determine whether the child is engaged in "substantial gainful activity." *See* 20 C.F.R. § 416.924(a). The second step requires the ALJ to determine whether the child has any severe impairments, defined as anything that causes "more than minimal functional limitations." *Id*. Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. *Id*. If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is then considered disabled. 20 C.F.R. §§ 416.924(d)(1).

In determining whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six domains:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). The child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is an impairment which "interferes very seriously" with the child's ability to independently initiate, sustain, or

complete activities. 20 C.F.R. § 416.926a(e)(3)(i). If the child has an impairment that meets, and medically or functionally equals the listings, and the impairment meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in her February 24, 2020 decision:

1. The claimant was born on September 14, 2011. Therefore, she was a preschooler on August 23, 2017, the date application was filed, and is currently in the first grade (20 CFR 416.926a(g)(2)).

2. The claimant has not engaged in substantial gainful activity since August 23, 2017, the application date (20 CFR 416.924(b) and 416.971 *et seq*.).

3. The claimant has the following severe impairment: attention deficit hyperactivity disorder ("ADHD") (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).

6. The claimant has not been disabled, as defined in the Social Security Act, since August 23, 2017, the date the application was filed (20 CFR 416.924(a)).

Tr. 16-24.

Accordingly, the ALJ determined that, for the application for SSI, protectively filed on August 23, 2017, T.A.P. was not disabled under section 1614(a)(3)(C) of the Act. Tr. 24.

## ANALYSIS

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ's decision was not supported by substantial evidence because the ALJ did not properly evaluate four of the functional domains— acquiring and using information; attending and completing tasks; interacting with others; and caring for oneself. *See* ECF No. 8-1 at 14-23.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir.2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record and the ALJ's decision, the Court finds that the ALJ's functional domain findings were not supported by substantial evidence. Specifically, the ALJ did not give any explanation for his findings in the domains. Tr. 19. Instead of providing a detailed evaluation of each functional domain, the ALJ offered only conclusory bullet points, merely stating that TA.P. had:

- less than marked limitations in acquiring and using information;
- less than marked limitations in attending and completing tasks;
- less than marked limitations in interacting with others;
- less than marked limitations in caring for herself;
- no limitation in moving about and manipulating objects; and
- no limitation in health and physical well-being.

*See id*.

After finding less than marked or no limitations in every domain, the ALJ recited portions of evidence from the record. Tr. 19-23. However, the ALJ failed to explain how the evidence supported less than marked limitations in the domains. *See id*. The closest the ALJ gave to an explanation was a boilerplate statement that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and

5

other evidence, based on the requirements of 20 CFR 416.929 and SSR 09 2p through 8p, and 16 3p.3p." Tr. 19. However, the decision does not specifically discuss or explain any of the domains. As such, the Court finds that the ALJ's analysis of the functional domains was woefully inadequate,

Accordingly, this Court cannot meaningfully review the ALJ's conclusions. *See* Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *7 (S.SA.) (an ALJ's decision "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."); *see also Jacob K. v. Comm'r of Soc. Sec.*, No. 20-CV-825-LJV, 2021 WL 4324379, at *5 (W.D.N.Y. Sept. 23, 2021) (The ALJ "must provide an accurate and logical bridge between the evidence and the conclusion that the claimant is not disabled, so that a reviewing court may assess the validity of the agency's ultimate findings and afford [the] claimant meaningful judicial review (internal quotations omitted)).

The ALJ's failure to explain her reasoning frustrates this Court's efforts to assess the validity of the ALJ's ultimate findings and "does not afford an adequate basis for meaningful judicial review.*" Smith v. Comm'r of Soc. Sec.*, No. 19-CV-6194-LJV, 2020 WL 4904956, at *2 (W.D.N.Y. Aug. 19, 2020) (citations and internal quotation marks omitted). Accordingly, the Court remands this case so that the ALJ may address the deficiencies noted above.

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this

opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE